KRIETE, Respondent, v. NEW YORK & H. R. CO., Appellant. (Supreme Court, Appellate Division, First Department. December 20, 1901.) Action by Hedewig Kriete against the New York & Harlem Railroad Company. No opinion. Judgment modified, by reducing the amount awarded for fee damage to $2,000, and by reducing the judgment for rental damage, costs. allowance, etc., to the sum of $1,-751.43, and, as so modified, affirmed, without costs.

KUBEL v. WOLCOTT et al. (Supreme Court, Appellate Division, Fourth Department. December 10, 1901.) Action by John Kubel against Hettie M. Wolcott, individually and as administratrix, etc., impleaded, etc. No opinion. Motion to amend decision, so as to award two bills of costs, one to the plaintiff and one to the respondent Mattie M. Bills, granted.

KUBEL, Respondent, v. WOLCOTT, Appellant. (Supreme Court, Appellate Division, Fourth Department. December 3, 1901.) Action by John Kubel against Hettie M. Wolcott, individually, etc. No opinion. Judgment affirmed, with costs.

LA DU, Respondent, v. FRATERNAL ACC. ASS'N OF AMERICA, Appellant. (Supreme Court, Appellate Division, Fourth Department. December 10, 1901.) Action by Arthur M. La Du against the Fraternal Accident Association of America. No opinion. Judgment affirmed, with costs, on authority of Sneck v. Insurance Co., 88 Hun, 94, 34 N. Y. Supp. 545, affirmed 156 N. Y. 669, 50 N. E. 1122, on opinion of court below.

LAMB, Appellant, v. BURNS, Respondent. (Supreme Court, Appellate Division, Fourth Department. January 7, 1902.) Action by E. Torrance Lamb against William H. Burns. No opinion. Order affirmed, with costs.

LANDRETH et al., Appellants, v. WYCKOFF, Respondent. (Supreme Court, Appellate Division, Second Department. January 10, 1902.) Action by Oliver Landreth and another against Archibald F. Wyckoff. No opinion. Motion denied.

LAPORTE, Respondent, v. TURNER, Appellant. (Supreme Court, Appellate Division, Third Department. December 31, 1901.) Action by Michael Laporte against Benton Turner. No opinion. Judgment unanimously affirmed. with costs.

LATIMER, Respondent, v. McKINNON et al., Appellants. (Supreme Court, Appellate Division, Third Department. December 31, 1901.) Action by Oliver O. Latimer against Frank H. McKinnon and others. No opinion. Order modified, by inserting therein a direction that a supplemental summons and complaint issue and be served on the defendants, and, as so modified, affirmed, without costs to either party.

LEE, Appellant, v. METROPOLITAN ST. RY. CO., Respondent. (Supreme Court, Appellate Division, First Department. February 7, 1902.) Action by William J. Lee against the Metropolitan Street Railway Company. J. M. Birnbaum, for appellant. C. F. Brown, for respondent. No opinion. Judgment affirmed, with costs. See 62 N. Y. Supp. 1140.

LELAND v. HEARN et al. (Supreme Court. Appellate Division, First Department. January 10, 1902.) Action by Eveline Leland against George A. Hearn and another. No opinion. Motion denied.

LEONARD v. BARNUM et al. (Supreme Court, Appellate Division, Third Department. January 14, 1902.) Action by Chatfield Leonard, as receiver, etc., against Curtis A. Barnum and others. No opinion. Motion granted, with $10 costs.

LEVISON, Appellant, v. TEMPLE et al., Respondents. (Supreme Court, Appellate Term. December, 1901.) Action by Morris Levison against John H. Temple and Robert J. Dyatt. Sanders & Feltenstein, for appellant. Max D. Steuer, for respondents.

MacLEAN, J. In his complaint the plaintiff alleged that he entered into an agreement with the defendants for the purchase and sale, for $1,250, of the entire old materials of every kind and description on certain premises, except boilers and tank. Having introduced upon the trial a paper in the form of a bill for "all the old iron" upon the premises, "excepting boilers and tank as agreed," the court ruled out a question calling for a conversation with one of the defendants in regard to the purchase of the secondhand materials on the premises, on the ground that it was a written contract and could not be varied, to which the plaintiff duly excepted. This ruling was made more distinct, upon inquiry, so as to hold that the plaintiff might not show that he had agreed in the conversation to buy more than was contained in the paper. This was error. The coincidences, especially of dates and amounts, together with the words "as agreed" at the end of the paper taken by the plaintiff, strongly tended to prove that, as was assumed by the learned justice, the paper covered the whole transaction between the parties. Nevertheless, the plaintiff was entitled to show, if he could, under the pleadings, that the real agreement was wider or other than appeared from the exhibit. The judgment should be reversed. Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.

LEWIN v. LEHIGH VAL. R. CO. (Supreme Court, Appellate Division, Fourth Department. December 3, 1901.) Action by Augusta Lewin against the Lehigh Valley Railroad Company. No opinion. Motion for reargument denied. Motion for leave to appeal to the court of appeals granted. Order to be settled by and before Mr. Justice SPRING upon two days' notice.